UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE LYNN RIEGER,

      Plaintiff,

                                  Case No. 12-13145

v.

                                  Hon. Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income on May 12, 2009 alleging that she became disabled on January 1, 2009. The Social Security Administration denied Plaintiff's applications for benefits initially on July 31, 2009.  Upon Plaintiff's request, Administrative Law Judge Paul R. Armstrong ("ALJ") conducted a *de novo* hearing on August 20, 2010.  The ALJ issued a decision on October 19, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") on May 18, 2012, when the Social Security Appeals Council

denied review.  Plaintiff initiated the instant suit seeking judicial review of the

Commissioner's unfavorable decision on July 18, 2012.

Both parties filed motions for summary judgment, which this Court referred

to Magistrate Judge Charles E. Binder.  On July 16, 2013, Magistrate Judge Binder

filed his Report and Recommendation (R&R) recommending that this Court deny

Plaintiff's Motion for Summary Judgment and grant Defendant's Motion.  At the

conclusion of the R&R, Magistrate Judge Binder advises the parties that they may

object to and seek review of the R&R within fourteen days of service upon them.

Plaintiff filed objections to the R&R on July 30, 2013.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the
> Commissioner of Social Security made after a hearing to
> which he was a party . . . may obtain a review of such
> decision by a civil action . . . The court shall have the
> power to enter . . . a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social
> Security, with or without remanding the cause for a
> rehearing.  The findings of the Commissioner of Social
> Security as to any fact, if supported by *substantial
> evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health & Human

Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  Courts are to review the entire

administrative record to determine whether the ALJ's decision is supported by

substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve

2

conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

If the Commissioner's decision is supported by substantial evidence, a reviewing court generally must affirm. *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). However, where the ALJ failed to follow the Social Security Act's procedural regulations, the ALJ's decision must be reversed even if the decision is supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

A court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, a reviewing court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

3

## ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1.    At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(a)(4)(i).

2.    At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2] 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

_____

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. (A.R. at 21.)

[2] The ALJ concluded that Plaintiff has the following severe impairments: depression and polysubstance abuse. (A.R. at 21.) With respect to Plaintiff's

3.      At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).[3]  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id.*

4.      At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5.      At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

---

allegations of physical disability caused by seizures, Hepatitis B, and lupus, the ALJ concluded that the evidence failed to show that these alleged impairments "impose more than minimal limitations on the claimant's ability to perform work-related activities."  (A.R. at 22.)

[3] The ALJ analyzed whether Plaintiff's impairments – either in isolation or in combination – met any of the listed impairments and determined that they did not.  (A.R. at 23.)

[4] The ALJ found that Plaintiff has the residual functional capacity to perform a full range of simple, unskilled work at all exertional levels.  (A.R. at 24.)  While the ALJ noted that Plaintiff's psychiatric symptoms significantly limit Plaintiff's ability to perform work-related activities, the ALJ opined that clinical evidence of Plaintiff's physical impairments as well as Plaintiff's testimony and description of her daily activities supports his conclusion that Plaintiff retains the ability to engage in simple, unskilled work if limited to light work.  (*Id.* at 26-27.)  Based on this RFC, the ALJ concluded that Plaintiff is able to perform her past relevant work as an assembler.  (*Id.* at 29.)

[5] Although the ALJ determined that Plaintiff retains the functional capacity to perform her past work as an assembler, the ALJ alternatively found that

In the R&R, Magistrate Judge Binder rejected Plaintiff's contentions that the

ALJ's decision was contrary to controlling law and not supported by substantial

evidence.  Specifically, Magistrate Judge Binder rejected Plaintiff's argument that

the ALJ erred in not conducting further investigation with respect to the impact of

lupus on Plaintiff's ability to perform work-related tasks.  (R&R at 12.)  Magistrate

Judge Binder then analyzed Plaintiff's request for remand.  "Remands under both

sentence four and sentence six of [section] 405(g) can involve the taking of

additional evidence." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171,

172 (6th Cir. 1994).  Because Plaintiff seeks remand for further development of the

subject of lupus and did not ask the Court to enter a judgment pursuant to sentence

four, Magistrate Judge Binder analyzed Plaintiff's request under sentence six.

(R&R at 12.)  According to the R&R, however, Plaintiff cannot satisfy the

---

considering Plaintiff's age, educational background, work experience, and RFC,
there are a significant number of jobs in the national economy that Plaintiff can
perform.  (A.R. at 29.)  The ALJ noted that Plaintiff's ability to perform work at all
exertional levels has been compromised by nonexertional limitations.  (*Id.* at 30.)
To determine the extent to which these limitations erode the occupational base of
unskilled work at all exertional levels, the ALJ asked a vocational expert ("VE")
whether jobs exist in the national economy for an individual with Plaintiff's
profile.  Specifically, the ALJ asked: "Say she was limited to simple, unskilled,
light work and [her] past work wasn't light. Would she be able to return to any
other work []?"  (*Id.* at 47.)  The VE stated that Plaintiff could perform various
jobs and provided the following as examples: cafeteria and kitchen attendant jobs;
janitorial and cleaning jobs; simple inspecting and sorting jobs; packaging jobs;
and sales and counter rental clerk type jobs.  (*Id.* at 47-48.)  As such, the ALJ
concluded that Plaintiff is not under a "disability" as defined in the Social Security
Act.  (*Id.*)  Magistrate Judge Binder found substantial evidence in the record to
support this finding.  (R&R at 16.)

standard for a sentence-six remand, which allows a district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, if a claimant carries the burden of showing that "the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." (*Id.* at 12-13 (quoting *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).)  Lastly, Magistrate Judge Binder rejected a second line of argumentation by Plaintiff, namely, that the ALJ's RFC assessment and the hypothetical posed to the vocational expert ("VE") did not adequately address the impact of Plaintiff's moderate limitations in maintaining concentration, persistence, and pace.  (*Id.* at 13-16.)

Plaintiff raises three objections to the R&R and each is addressed in turn.

Objection #1:

First, Plaintiff claims that Magistrate Judge Binder erred in finding that the ALJ could properly render findings with respect to Plaintiff's lupus after the ALJ acknowledged a paucity of record evidence on the subject.  This argument is in essence one that contends that the Commissioner failed to accord Plaintiff a full and fair hearing by declining to re-contact her treating physician and declining to order a consultative examination to shore up her claimed functional limitations.

As Magistrate Judge Binder pointed out in his R&R, "[t]he 'burden of providing a complete record, defined as evidence complete and detailed enough to

7

enable the Secretary to make a disability determination, rests with the claimant.'"[6]
(R&R at 11 (quoting *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211,
214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d))).)  "In proving that
she is disabled, part of [Plaintiff's] responsibility is to show, through objective
medical evidence, that her subjective complaints are credible."  *Rouse v. Comm'r
of Soc. Sec.*, 75 F. App'x 476, 478 (6th Cir. 2003) (citing 20 C.F.R. § 416.912(a)).
Plaintiff has failed to satisfy this burden.

Seeming to ignore this burden, Plaintiff argues that the ALJ erred in
rendering a disability determination.  As support, Plaintiff cites 20 C.F.R. §
404.1527(c)(3), which provides:

> If the evidence is consistent but we do not have sufficient
> evidence to decide whether you are disabled, or if after
> weighing the evidence we decide we cannot reach a
> conclusion about whether you are disabled, we will try to
> obtain additional evidence . . . .

---

[6] Magistrate Judge Binder also concluded that because Plaintiff was
represented by counsel, the ALJ did not have a heightened duty to fully and fairly
develop the record.  (R&R at 12.)  This discussion, however, misses the mark as
Plaintiff does not argue that the ALJ had a heightened obligation.  Rather, Plaintiff
argues that the "inquisitorial" nature of Social Security proceedings imposes a
basic duty on the ALJ "to investigate the facts and develop the arguments both for
and against granting benefits."  (Objections at 3 (quoting *Sims v. Apfel*, 530 U.S.
103, 110-11, 120 S. Ct. 2080, 2085 (2000).)  In any event, the Court is not
persuaded.  Plaintiff does not indicate what records the ALJ should have requested
and, even if she had, the Court notes that the language from *Sims* comes from part
II.B of the opinion – a section joined by four Justices.

20 C.F.R.§ 404.1527(c)(3) (2009).  Implicit in the ALJ's decision, however, was that the evidence was sufficient to make a decision regarding Plaintiff's disability.

The ALJ considered Plaintiff's medical records which are both detailed and cover a span of several years.  The ALJ acknowledged that Plaintiff takes lupus medication and that a record shows that Plaintiff had a positive ANA test.[7]  (A.R. at 22.)  Despite these objective facts, the ALJ noted that "scant clinical evidence" corroborated Plaintiff's testimony about experiencing functional limitations due to lupus.  (A.R. at 22-23.)  The ALJ explained that Plaintiff's medical records contained no evidence "that [Plaintiff] has undergone a comprehensive physical examination that evaluated both the functional capacity of [Plaintiff's] joints and extremities and [Plaintiff's] ability to perform a series of exertional, postural, and manipulative activities[.]"  (*Id.* at 23.)  As such, the ALJ concluded that Plaintiff

---

[7] Antinuclear antibodies ("ANA") are substances produced by the immune system that attack the body's tissues.  Although a positive ANA test "is most often identified with" lupus, a positive test does "not confirm a diagnosis of" lupus as it "can also be a sign of other autoimmune diseases."  "A positive ANA always needs further evaluation, including a careful history, physical exam, and blood tests for other antibodies, especially anti-double-strand DNA antibodies."  *See* MedlinePlus, a service of the Nat'l Library of Med. & Nat'l Insts. of Health, (http://www.nlm.nih.gov/medlineplus/ency/article/003535.htm) (last visited on Aug. 22, 2013).

did not present evidence demonstrating that lupus "impose[s] more than minimal limitations on her ability to perform work-related activities."[8]  (*Id.*)

Moreover, Plaintiff's daily activities report and hearing testimony undermined the veracity of her claims of severe physical restrictions.  *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (explaining that courts reviewing the Commissioner's factual findings for substantial evidence must consider the evidence in the record as a whole, including evidence which might subtract from its weight).   In June of 2009, after the alleged onset date of Plaintiff's disability, Plaintiff filled out a daily activities report indicating that, among other things, she was able to prepare simple meals once or twice daily,

---

[8] The ALJ reviewed Plaintiff's records and pointed out that these records "contain numerous notes that impose short-term restrictions on [Plaintiff's] ability to perform work related activities[.]"  (A.R. 28 n.2.)  These notes, written by Plaintiff's doctor who treated her at the Ford plant where Plaintiff was employed, "typically either excused [Plaintiff] from work entirely, or excused [Plaintiff] from particular responsibilities, because of physical and psychiatric work-related impairments[.]"  (*Id.*)  The ALJ, however, "did not find these persuasive for several reasons."  (*Id.*)  "In particular, this set of opinions does not address the issue of whether the [Plaintiff's] impairment has deteriorated [Plaintiff's] residual function capacity to such an extent that she is (or was) disabled from performing substantial gainful activity for a period of twelve months or more."  The ALJ did not give these opinions – which were "confined solely to the issue of [Plaintiff's] short-term disability from her past work at Ford" weight during the RFC determination.  (*Id.*)

In other words, while the records reflect that Plaintiff made complaints of neck, back, and knee pain, Plaintiff was generally prescribed conservative treatment and given short-term restrictions.  (*Id.* at 275-291.)  This objective medical evidence does not provide any suggestion that Plaintiff's ailment imposed physical limitations of a prolonged duration.

perform light cleaning, do laundry, and grocery shop.  Moreover, during her hearing, the ALJ asked Plaintiff: "Does the pain, limit you, in terms of what you can physically do when your condition is symptomatic?"  Plaintiff responded in the affirmative and explained "I have to sit down and take little breaks throughout the day."  (A.R. at 42.)  Plaintiff also testified that she volunteers at a thrift store on Fridays and Saturdays from 9:00 am until 5:00 pm where she "walk[s] around organizing stuff and hanging up clothes."  (*Id.* at 46.)

In sum, the Court finds no error.  "The burden lies with the claimant to prove that she is disabled." *Ferguson*, 628 F.3d at 275 (quotation omitted).  "The ALJ has discretion to determine whether additional evidence is necessary." *Id.* (quotation omitted).  Relatedly, the Social Security "regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Landsaw*, 803 F.2d at 214 (citing 20 C.F.R. § 416.917(a)).  In this case, the ALJ's thorough opinion demonstrates that he carefully considered the entire record and that that record provided no objective medical evidence beyond a diagnosis to substantiate Plaintiff's subjective complaints of pain.  That Plaintiff persists in her claim that the pain is indeed disabling does not mandate further inquiry where, as here, Plaintiff's records and testimony fail to provide any evidence as to the long-term implications of her condition.  Because the evidence

11

presented by Plaintiff was sufficient to make a disability determination, the Court finds that neither the ALJ nor Magistrate Judge Binder erred in concluding that further development of the record was unnecessary.  Moreover, because the ALJ's conclusion that Plaintiff's lupus did not constitute a disability is supported by substantial evidence, this finding will not be disturbed.

Objection #2:

Plaintiff next argues that Magistrate Judge Binder erred in questioning the ALJ's finding of moderate limitations as to concentration, persistence, or pace because neither party challenged the finding.  (Objections at 4 (objecting to Magistrate Judge Binder's description of the ALJ's finding of a "moderate" limitation in this category as a "scrivener's error".)  Because the issue was not properly before Magistrate Judge Binder, "it was error to review, let alone dismiss, the finding." (*Id.*)

Whether or not it was proper for Magistrate Judge Binder to question the ALJ's finding, the Court notes that Magistrate Judge Binder did not, as Plaintiff asserts, dismiss the finding.  Rather, the R&R illustrates that Magistrate Judge Binder proceeded to analyze whether the ALJ's RFC analysis was supported by substantial evidence.  (R&R at 14 ("However, even assuming that the ALJ's reference to moderate limitations was intentional, I suggest that the RFC analysis was supported by substantial evidence.").)  As such, this objection lacks merit.

12

Objection #3:

Plaintiff's third and last objection suggests that Magistrate Judge Binder erred in finding that the ALJ's hypothetical to the VE was proper when Magistrate Judge Binder found that a limitation to simple, unskilled work would adequately account for moderate limitations in concentration, persistence, and pace.  In his R&R, Magistrate Judge Binder explained that "[t]his argument is 'not uncommon and the case law resolves it both ways.'"  (R&R at 14 (quoting *Hernandez v. Comm'r of Soc. Sec.*, No. 10-14364, 2011 WL 4407225, at *9 (E.D. Mich. Aug. 30, 2011) (collecting cases)).)  Guided by *Hernandez*, Magistrate Judge Binder viewed the record in its entirety and determined that the ALJ's hypothetical and RFC assessment were supported by substantial evidence.  (*Id.*)

A hypothetical question constitutes substantial evidence only if it accurately portrays a claimant's physical and mental impairments.  *Varley v. Comm'r of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  While the Sixth Circuit has rejected the proposition that all afflictions must be spelled out, "[t]he hypothetical question . . . should include an accurate portrayal of [a claimant's] individual physical and mental impairments."  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004).  If the hypothetical question is deficient, the ALJ cannot rely upon the VE's testimony to prove the existence of a substantial number

13

of jobs that Plaintiff can perform in the national economy. *Edwards v. Barnhart*, 383 F.Supp.2d 920, 927 (E.D.Mich. 2005).

Upon review of the evidence, the Court does not find any error with the ALJ's failure to explicitly incorporate Plaintiff's concentration, persistence, and pace limitation into his hypothetical for several reasons. First, at step four, the ALJ concluded that Plaintiff was able to perform her prior job as an assembler and Plaintiff does not challenge that finding here.[9] (*Id.* at 29.) Moreover, Plaintiff testified at her hearing that she volunteers from 9:00 am until 5:00 pm two days a week at a thrift store organizing items and hanging up clothes. (*Id.* at 46.) When the ALJ asked why Plaintiff could not perform the same tasks at a retailer, Plaintiff responded that the inpatient center where she resides does not permit residents to work during their first year. (*Id.*)

Lastly, while the ALJ found that Plaintiff has "moderate difficulties" with regard to concentration, persistence, and pace, he noted that during a January 2009 mental status examination, Plaintiff was described as having "fair concentration, fair memory, organized thought flow, and normal thought content[.]" (A.R. at 24.)

---

[9] The VE testified that Plaintiff could return to work as an auto assembler which is classified as an unskilled job. (A.R. at 47.) The ALJ then asked if Plaintiff could do this work if limited to light labor. (*Id.*) The VE indicated that Plaintiff's records indicated work involving ten to twenty pounds and elsewhere referred to work involving twenty to fifty pounds but said that if limited to the ten to twenty pound range, Plaintiff could perform this work even with a restriction limiting Plaintiff to light work. (*Id.*)

14

Moreover, in February 2010, Plaintiff "was observed to have normal thought process, thought content, judgment, and memory." (*Id.*)  The ALJ also pointed out that Plaintiff's intellect was described as "above average." (*Id.*)  In light of this objective medical evidence as well as the testimony relied upon by the ALJ in making his RFC determination, the Court is unable to conclude that the ALJ's hypothetical failed to adequately incorporate Plaintiff's moderate limitation in concentration, persistence, and pace.  *See, e.g.*, *Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010) ("There may be cases where such moderate limitations preclude the performance of even some simple, unskilled tasks. Plaintiff does not, however, explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace."); *Latare v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009) ("The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her depressive disorder. There is no merit to Plaintiff's argument that the ALJ should have included a limitation that she had moderate limitations in maintaining concentration, persistence or pace. Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment.").

15

## <u>SUMMARY</u>

The Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's impairments.  The Court therefore adopts Magistrate Judge Binder's recommendation to deny Plaintiff's motion for summary judgment, grants the Commissioner's motion for summary judgment, and affirms the decision of the Commissioner finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

Dated: August 27, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Diane M. Kwitoski, Esq.**
**Russell Cohen, Esq.**
**Theresa M. Urbanic, AUSA**
**Magistrate Judge Charles E. Binder**